LAW OFFICE OF
RICHARD E. SIGNORELLI
799 Broadway, Suite 539
New York, NY 10003
Telephone:    212 254 4218
Facsimile:     212 254 1396
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠
*Attorneys for Defendants The Lustig Family*
*1990 Trust and David I. Lustig, individually*
*and in his capacity as Trustee for The Lustig*
*Family 1990 Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,                                                    Adv. Pro. No. 08-01789 (SMB)

                          Plaintiff-Applicant,        SIPA LIQUIDATION

             v.                                       (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                          Defendant.
--------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

                          Debtor.
--------------------------------------------------------------------x
IRVING PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,        Adv. Pro. No. 10-4417 (SMB)

                          Plaintiff,

             v.                                       **ANSWER AND**
                                                      **AFFIRMATIVE DEFENSES**

THE LUSTIG FAMILY 1990 TRUST, et al.,

                          Defendants.
--------------------------------------------------------------------x

Defendants The Lustig Family 1990 Trust ("Lustig Trust") and David I. Lustig, individually and in his capacity as Trustee for the Lustig Trust, by their attorneys, as and for their answer to the Trustee's First Amended Complaint ("FAC"), respectfully allege as follows, by like-numbered paragraph:

### As to "Nature Of Proceeding"

1.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

2.   Deny each and every allegation, except admit that the Trustee purports to bring this action to recover alleged fictitious profits as stated therein.  Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

### As to "Jurisdiction And Venue"

3.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that this is an adversary proceeding commenced in this Court; that the underlying proceeding under the Securities Investor Protection Act ("SIPA") is pending in this Court; and that the Trustee purports to invoke this Court's jurisdiction as stated therein.

4.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the Trustee purports to consent to the entry of final orders or judgment by this Court as stated therein.  Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

5.   Deny each and every allegation, except admit that the Trustee purports to base venue as stated therein.

6.   Deny each and every allegation, except admit that the Trustee purports to bring this adversary proceeding and to seek relief as stated therein.

### As to "Defendants"

7.   Deny each and every allegation, except admit that the Lustig Trust is a trust formed under California law.

8.   Admit that Mr. Lustig maintains his residence in Pescadero, California.

### As to "Background, The Trustee And Standing"

9.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Bernard L. Madoff ("Madoff") was arrested and charged with criminal violations.

10.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

11.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

12.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

13.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

14.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Madoff pleaded guilty to criminal violations.

3

15.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Frank DiPascali pleaded guilty to criminal violations.

16.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that David Kugel pleaded guilty to criminal violations.

17.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Daniel Bonventre, Annette Bongiorno, Jo Ann Crupi, George Perez, and Jerome O'Hara were convicted of criminal violations.

18.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except deny the allegations that, absent this adversary proceeding against the defendants, who are innocent investors, "the Trustee will be unable to satisfy the claims described in subparagraphs (A) through (D) of SIPA § 78fff-2(c)(1)."  Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

19.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

20.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except deny that the Trustee has standing to bring this adversary proceeding against the defendants.  Insofar as the allegations purport to state questions

4

or conclusions of law, no response is required, and such matters of law are respectfully referred
to the Court.

## As to "The Ponzi Scheme"

21.   Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation, except admit that Bernard L. Madoff Investment Securities,
LLC ("BLMIS") was registered with the United States Securities and Exchange Commission
("SEC") and was a member of the Securities Investor Protection Corporation ("SIPC").   Insofar
as the allegations purport to state questions or conclusions of law, no response is required, and
such matters of law are respectfully referred to the Court.

22.   Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation.

23.   Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation.

24.   Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation.

25.   Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation.

26.   Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation.

27.   Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation.

28.   Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation.

29.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

30.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

31.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

## As to "The Transfers"

32.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that an account identified as Account No. 1ZB268 ("Account") was maintained with BLMIS and that, upon information and belief, certain documents related to the Account were executed and delivered to BLMIS.

33.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that deposits and transfers were made into the Account.

34.  Deny each and every allegation, and state that the entire sum of $5,000,000 that was withdrawn from the Account on or about July 24, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview Investment, LP ("Lakeview") and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Defendants, therefore, did not actually receive any fictitious profits and, in fact, lost money as a

6

result of Madoff's fraud.

35.    Deny each and every allegation, and state that the entire sum of $5,000,000 that was withdrawn from the Account on or about July 24, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud.  Defendants, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud.

36.    Deny each and every allegation, and respectfully refer the Court to the relevant account documents and bank statements for their full contents and meanings.

37.    Deny each and every allegation, except admit that the sum of $5,000,000 was withdrawn from the Account on or about July 24, 2007 only for the sole purpose of reinvesting this entire sum back into BLMIS, and further state that this entire sum was then in fact immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Defendants, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud.

38.    Deny each and every allegation, except admit that the sum of $500,000 was withdrawn from the Account on or about January 2, 2008.

39.    Deny each and every allegation, except admit that the sum of $1,500,000 was withdrawn from the Account on or about September 25, 2008.

40.    Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

7

## As to "Customer Claims"

41. Admit that a customer claim designated as Claim Number 013424
("Customer Claim") was filed with the Trustee.

42. Admit that a Notice of Trustee's Determination of Claim ("Determination")
was issued with respect to the Customer Claim on or about August 28, 2009.

43. Admit that an objection to the Determination was filed.

44. Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation, and respectfully refer the Court to the order in question for its
full contents and meanings.

45. Deny having knowledge or information sufficient to form a belief as to the
truth of each and every allegation. Insofar as the allegations purport to state questions or
conclusions of law, no response is required, and such matters of law are respectfully referred to
the Court.

46. Deny each and every allegation. Insofar as the allegations purport to state
questions or conclusions of law, no response is required, and such matters of law are respectfully
referred to the Court.

## As to "Count One"

47. Repeat and reallege each and every allegation, admission, and denial made in
response to the paragraphs of the FAC which are referred to in this paragraph.

48. Deny each and every allegation, except admit that withdrawals were made
from the Account within the two-year period prior to December 11, 2008.

49. Deny each and every allegation. Insofar as the allegations purport to state

8

questions or conclusions of law, no response is required, and such matters of law are respectfully

referred to the Court.

50.  Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation.  Insofar as the allegations purport to state questions or

conclusions of law, no response is required, and such matters of law are respectfully referred to

the Court.

51.  Deny each and every allegation, and state that the entire sum of $5,000,000

that was withdrawn from the Account on or about July 24, 2007, was immediately reinvested

back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested

with BLMIS until all of it was lost as a result of Madoff's fraud.  Defendants, therefore, did not

actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud.

52.  Deny each and every allegation.  Insofar as the allegations purport to state

questions or conclusions of law, no response is required, and such matters of law are respectfully

referred to the Court.

53.  Deny each and every allegation.  Insofar as the allegations purport to state

questions or conclusions of law, no response is required, and such matters of law are respectfully

referred to the Court.

## AFFIRMATIVE DEFENSES

A.  Defendants assert the following affirmative defenses and reserve the right to

amend this answer to assert other and further defenses when and if, in the course of investigation,

discovery, or preparation for trial, it becomes appropriate to do so.

B.  By identifying their allegations as "defenses", defendants do not excuse or

9

relieve the Trustee of his burden of proving all elements of his claim under the applicable

standard of proof.  Defendants do not undertake or assume any burden that properly rests with the

Trustee and do not suggest that the Trustee does not bear the burden of proof with respect to such

matters or that such matters are not elements that the Trustee must establish in order to make out

a prima facie case on his claim against defendants.

C.  In the event that subsequent legal developments further limit or otherwise alter

the claims available to the Trustee, defendants hereby raise each and every defense at law, in

equity, or otherwise, available under any and all federal and state statutes, laws, rules, and

regulations.  Defendants further adopt and incorporate by reference any and all other defenses

asserted or to be asserted by any other defendant or party-in-interest in pending adversary

proceedings in the BLMIS SIPA liquidation proceeding to the extent that defendants are similarly

situated and may properly assert such defense.

D.  Defendants reserve and assert all affirmative defenses available under

applicable federal or state law. including, without limitation, the Federal Rules of Bankruptcy

Procedure, the Federal Rules of Civil Procedure, and the New York Uniform Commercial Code,

and reserve the right to assert other defenses and claims when and if it becomes appropriate to do

so in this action.

E.  The affirmative defenses set forth below are asserted cumulatively and in the

alternative.

## First Affirmative Defense

The FAC fails to state a cause of action upon which relief may be granted.

10

**Second Affirmative Defense**

Pursuant to Stern v. Marshall, 131 S.Ct. 2594 (2011) and other Supreme Court precedent, this Court "may not finally decide avoidance actions except conceivably in the process of resolving identical claims under § 502(d)[.]"  See In re Madoff Sec., 490 B.R. at 55.  The Trustee has not asserted a claim under 11 U.S.C. § 502(d) in this adversary proceeding. Defendants do not consent to the adjudication and entry of a final order and judgment in this adversary proceeding by this Court.  Accordingly, this Court does not have the power or jurisdiction to "finally decide" this adversary proceeding.

**Third Affirmative Defense**

Defendants demand a trial by jury and do not consent to such a trial in this Court.

**Fourth Affirmative Defense**

The Trustee lacks standing to bring a claim against defendants.

**Fifth Affirmative Defense**

The Trustee has no authority or jurisdiction to bring a claim against defendants because the conditions of SIPA § 78fff-2(c)(3) have not been met.  The Trustee has not established that there are insufficient funds in the BLMIS estate to pay all the claims specified in SIPA § 78fff-2(c)(1)(A) – (D).

**Sixth Affirmative Defense**

The transfers at issue are not avoidable because the funds were held in trust by BLMIS and were not property in which BLMIS had a legal interest.

**Seventh Affirmative Defense**

BLMIS incurred debts and obligations to the customer under contract law and

11

other applicable non-bankruptcy laws and rules. The transfers at issue were made on account of

and constituted satisfaction of such antecedent debts or obligations.

## Eighth Affirmative Defense

The entire sum of $5,000,000 that was withdrawn from the Account on or about

July 24, 2007, was immediately reinvested back into BLMIS through third-party feeder fund

Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of

Madoff's fraud. Defendants, therefore, did not actually receive any fictitious profits and, in fact,

lost money as a result of Madoff's fraud. The Trustee's attempt to recover any portion of this

money from defendants even though all of it had been returned to BLMIS and subsequently lost

as a result of Madoff's fraud is unreasonable and unconscionable. Under these circumstances,

the Court should exercise its equitable powers under 11 U.S.C. § 105(a) and dismiss the

Trustee's claim.

## Ninth Affirmative Defense

The entire sum of $5,000,000 that was withdrawn from the Account on or about

July 24, 2007, was immediately reinvested back into BLMIS through third-party feeder fund

Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of

Madoff's fraud. Defendants, therefore, did not actually receive any fictitious profits and, in fact,

lost money as a result of Madoff's fraud. Under these circumstances, the Court should exercise

its equitable powers under 11 U.S.C. § 105(a) and grant defendants an "equitable credit" in the

full amount (i.e., $5,000,000) that they had returned to BLMIS through their Lakeview

investment.

12

## Tenth Affirmative Defense

The entire sum of $5,000,000 that was withdrawn from the Account on or about July 24, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Defendants, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud. The Trustee's attempt to recover from defendants money which they had thus already returned to the BLMIS estate violates the single satisfaction rule codified at 11 U.S.C. § 550(d), which bars recovery from a transferee where the value of the transferred property had already been returned to the estate.

## Eleventh Affirmative Defense

The entire sum of $5,000,000 that was withdrawn from the Account on or about July 24, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Defendants, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud. Accordingly, defendants are entitled to an offset or credit under the theory of recoupment in the full amount (i.e., $5,000,000) that they had returned to BLMIS through their Lakeview investment.

## Twelfth Affirmative Defense

The entire sum of $5,000,000 that was withdrawn from the Account on or about July 24, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Defendants, therefore, did not actually receive any fictitious profits and, in fact,

13

lost money as a result of Madoff's fraud. Accordingly, defendants are entitled to a set-off under 11 U.S.C. § 553 in the full amount (i.e., $5,000,000) that they had returned to BLMIS through their Lakeview investment

### Thirteenth Affirmative Defense

The Trustee failed to adequately plead that each of the transfers at issue was made "with actual intent to hinder, delay, or defraud" as required under 11 U.S.C. § 548(a)(1)(A).

### Fourteenth Affirmative Defense

The Trustee's claim is barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

### Fifteenth Affirmative Defense

The transfers at issue, to the extent they were actually received by defendants, were taken for value, in good faith, and without knowledge of their voidability. Accordingly, they are not avoidable or recoverable under 11 U.S.C. §§ 548(c) and/or 550.

### Sixteenth Affirmative Defense

The transfers at issue, to the extent they were actually received by defendants, were taken without actual fraudulent intent and for value. Accordingly, they are not avoidable or recoverable under 11 U.S.C. §§ 548 and/or 550.

### Seventeenth Affirmative Defense

.          The Trustee's claim is subject to setoff or other equitable adjustment because defendants, to the extent they actually received the transfers at issue, received them in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt and/or on account of obligations owed by BLMIS for, inter alia: (a) amounts contractually due to a customer of

14

BLMIS under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest, for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

<strong><u>Eighteenth Affirmative Defense</u></strong>

The Trustee's claim is barred to the extent the Trustee attempts to directly or indirectly avoid transfers or inter-account transfers that occurred more than two years before December 11, 2008.

<strong><u>Nineteenth Affirmative Defense</u></strong>

The Trustee's claim is barred to the extent the Trustee failed to properly credit inter-account transfers made to the Account.  To the extent the inter-account transfers occurred outside any applicable statutory reach-back period for avoidance and/or recovery of transfers, they may not be ignored and/or treated as if they had no value as the Trustee has no power to avoid such inter-account transfers.

<strong><u>Twentieth Affirmative Defense</u></strong>

By not accounting for the time value of money by making an interest adjustment or other adjustment, the Trustee incorrectly calculated the "value" represented by the principal investments in the Account and the amount of fictitious profits, if any, that may be avoided under § 548(a)(1)(A).

<strong><u>Twenty-First Affirmative Defense</u></strong>

By not adjusting for inflation, the Trustee incorrectly calculated the "value" represented by the principal investments in the Account and the amount of fictitious profits, if

15

any, that may be avoided under § 548(a)(1)(A).

### Twenty-Second Affirmative Defense

The Trustee is not entitled to recover any prejudgment interest on any recovery that he may obtain in this adversary proceeding. But if it is found that the Trustee is entitled to prejudgment interest, he is only entitled to such interest at the federal rate of interest on judgments, and only from a date that is no earlier than the date when this adversary proceeding was commenced.

### Twenty-Third Affirmative Defense

The Trustee's claim is barred because the Trustee failed to sufficiently trace the funds at issue from BLMIS to defendants.

### Twenty-Fourth Affirmative Defense

The Account is a trust account and, as such, is exempt from the Trustee's claim under applicable state law.

### Twenty-Fifth Affirmative Defense

The Trustee's claim should be dismissed due to defendants' justifiable reliance on the activities of governmental and regulatory bodies, such as the SEC and SIPC, to oversee and monitor the activities and business of BLMIS.

### Twenty-Sixth Affirmative Defense

The Trustee's claim is barred by intervening or superseding events, factors, occurrences, or conditions over which defendants had no control.

### Twenty-Seventh Affirmative Defense

BLMIS was not formed until January 2001. The orders of the District Court and

16

the Bankruptcy Court relating to the consolidation of the estates of BLMIS and Madoff as an

individual or sole proprietor of his securities business do not confer standing or authority upon

the Trustee to avoid or recover, directly or indirectly, fraudulent transfers made by Madoff prior

to the formation of BLMIS.

**Twenty-Eighth Affirmative Defense**

The Trustee cannot recover the initial transfers from Mr. Lustig individually on

the theory that he was the beneficiary of those transfers.

**Twenty-Ninth Affirmative Defense**

The Trustee's claim is subject to setoff or other equitable adjustment to the extent

that any of the funds withdrawn from the Account were used to pay tax obligations imposed on

alleged fictitious profits by federal, state, and/or local governmental taxing authorities.

## DEMAND FOR JUDGMENT

WHEREFORE, defendant the Lustig Trust and Mr. Lustig, individually and in his

capacity as Trustee for the Lustig Trust, respectfully demand judgment against the Trustee: (1)

dismissing the First Amended Complaint and denying all relief requested therein with costs and

disbursements in favor of defendants; (2) reimbursing defendants for the attorneys' fees and

expenses that they have incurred; and (3) granting such other, further, and different relief as this

Court may deem just and proper.

Dated:  New York, New York
        May 2, 2016

                                        Respectfully submitted,
                                        LAW OFFICE OF
                                        RICHARD E. SIGNORELLI

                                By:    /s/ Richard E. Signorelli
                                       _____
                                       Richard E. Signorelli
                                       Bryan Ha
                                       799 Broadway, Suite 539
                                       New York, NY 10003
                                       Telephone:     212 254 4218
                                       Facsimile:     212 254 1396
                                       rsignorelli@nycLITIGATOR.com[SM]
                                       www.nycLITIGATOR.com[SM]

                                       Attorneys for Defendants The Lustig Family
                                       1990 Trust and David I. Lustig, individually
                                       and in his capacity as Trustee for The Lustig
                                       Family 1990 Trust

FILING AND SERVICE VIA ELECTRONIC FILING